UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBIN DUNAGAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-cv-00349-SRC |
| ESURANCE PROPERTY & CASUALTY INSURANCE COMPANY, | ) ) ) ) ) |
| Defendant. | ) ) |

**Memorandum and Order**

Following a car accident, Robin Dunagan obtained a judgment against Tiffaney Bond-Thompson. Dunagan, seeking to have that judgment satisfied, sued Esurance Property & Casualty Insurance Company—Bond-Thompson's insurance provider—in state court. After Esurance removed the action to this Court and moved for partial dismissal or judgment on the pleadings, Dunagan moved for leave to amend his complaint to add Bond-Thompson as a defendant. The Court now takes up Dunagan's motion for leave to amend and, as explained below, grants it. Further, because Bond-Thompson's joinder destroys complete diversity, the Court remands this case to state court.

**I.  Background**

  **A.  Factual background**

Dunagan alleges the following in his complaint. On May 13, 2020, Bond-Thompson and Dunagan were involved in a car accident, which occurred because Bond-Thompson had crossed into an intersection and collided with Dunagan. Doc. 16 at ¶¶ 6–7. Dunagan sued Bond-Thompson in state court, but "Bond-Thompson failed to plead or otherwise respond to the lawsuit." *Id.* at ¶ 9. The state court held a default hearing, at which Bond-Thompson did not

appear, and then entered judgment in the amount of $1,500,000 against Bond-Thompson. *Id.* at ¶¶ 10–12.  At the time of the accident and Dunagan's injuries, Esurance insured Bond-Thompson under a policy that had a policy number of PAMO006950227. *Id.* at ¶ 13. That policy "insured such loss to" Dunagan. *Id.*

### B.     Procedural background

On February 21, 2025, Dunagan filed this case in state court against Esurance only. Doc. 2 at 1 (The Court cites to page numbers as assigned by CM/ECF.).  Esurance removed it on March 20, 2025, to this Court based on diversity jurisdiction under 28 U.S.C. § 1332.  Doc. 1 at 1.  The same day it removed the case, Esurance filed its answer, doc. 3, and moved to partially dismiss Dunagan's complaint or for judgment on the pleadings, doc. 5.  About one week later, on March 28, 2025, Dunagan responded, doc. 17, and moved for leave to amend his complaint to add Bond-Thompson as a defendant, doc. 18 at ¶ 6.  After reviewing Dunagan's motion for leave to amend, the Court ordered the parties to file supplemental briefing addressing "(1) Bond-Thompson's citizenship and (2) if Bond-Thompson [was] a citizen of Missouri, whether the [C]ourt should 'deny joinder[] or permit joinder and remand the action to the state court.'"  Doc. 23 at 3 (third alteration in original) (quoting 28 U.S.C. § 1447(e)).  The parties complied.  Docs. 24, 26.

## II.    Standard

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading before trial. In some situations, the party may do so as a matter of course:

> (1) *Amending as a Matter of Course.*  A party may amend its pleading once as a matter of course no later than:
>
>   (A) 21 days after serving it, or

2

>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," which "[t]he court should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). But "[a] district court may appropriately deny leave to amend 'where there are compelling reasons "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment."'" *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003)).

### III.   Discussion

Below, the Court considers (1) the effect that Bond-Thompson's joinder would have on the Court's subject-matter jurisdiction; (2) whether justice requires the Court to grant Dunagan's motion to amend his pleading to join Bond-Thompson as a defendant.

#### A.   Bond-Thompson's effect on subject-matter jurisdiction

Esurance removed this case based on diversity jurisdiction. Doc. 1. The Court's initial review of Dunagan's motion caused it to question whether it would have subject-matter jurisdiction over the amended pleading. *See* doc. 23. That's so because diversity jurisdiction is the only potential basis for the Court's subject-matter jurisdiction and, problematically, Bond-Thompson appears to lack diverse citizenship from Dunagan. *Id.* The Court couldn't determine Bond-Thompson's citizenship on the record before it, *id.*, so Dunagan and Esurance filed supplemental briefing on that issue, docs. 24, 26.

3

They agree that Bond-Thompson is a citizen of Missouri.  Doc. 24 (asserting that Bond-Thompson is a citizen of Missouri); doc. 24-1 at 1–4 (providing as support a April 2025 affidavit by Bond-Thompson that addresses where Bond-Thompson resides); doc. 24-2 (providing as support a copy of Bond-Thompson's 2024 personal-property-tax receipt from the City of St. Louis, Missouri); doc. 26 (failing to refute the argument that Bond-Thompson is a citizen of Missouri and instead arguing that Dunagan seeks to join Bond-Thompson only to destroy subject-matter jurisdiction).

Upon review of the parties briefing and the evidence that Dunagan filed, docs. 24, 26, the Court agrees with the parties and finds that Bond-Thompson is a citizen of Missouri, *see Eckerberg v. Inter-State Studio & Publ'g Co.*, 860 F.3d 1079, 1085 (8th Cir. 2017). Bond-Thompson's citizenship renders her a nondiverse party; thus, her joinder would eliminate the Court's subject-matter jurisdiction.  Doc. 16 at ¶ 1; docs. 23–24, 26.

### B. Joinder

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the [C]ourt may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).  When a party seeks to join a nondiverse party in a removed case, a court must determine whether justice requires joinder of the defendant by balancing the following factors:  "1) the extent to which the joinder of the nondiverse party is sought to defeat federal jurisdiction, 2) whether [the] plaintiff has been dilatory in asking for amendment, and 3) whether [the] plaintiff will be significantly injured if amendment is not allowed."  *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) (alterations in original) (first quoting *Le Duc v. Bujake*, 777 F. Supp. 10, 12 (E.D. Mo. 1991); and then citing *Alpers Jobbing Co. v. Northland Cas. Co.*, 173 F.R.D. 517, 520 (E.D. Mo. 1997))).  Upon review

4

of these factors, the Court finds that all factors weigh in favor of allowing Bond-Thompson as a party.

First, the Court finds that Dunagan does not seek the joinder of Bond-Thompson to defeat federal jurisdiction.

As an initial matter, Dunagan's proposed amended complaint, seeks to recover the full the amount of the underlying judgment ($1,500,000) from Esurance and Bond-Thompson. Doc. 18-1 at ¶ 16.  Specifically, it seeks to recover from Esurance under section 379.200 and appears to seek recovery from Bond-Thompson under an unspecified legal mechanism:

> Under RSMo. §379.200, Plaintiff is the judgment creditor to Tiffaney Bond-Thompson, and is entitled to have the aforementioned judgment satisfied by Defendant Esurance under the aforementioned policy of insurance covering Tiffaney Bond-Thompson *and/or satisfied by* Defendant Tiffaney Bond-Thompson.

*See id.* at ¶ 15 (emphasis added).  The proposed amended complaint then includes a prayer for relief:  "[Dunagan] prays for this Court's entry of Judgment in his favor and against . . . Esurance Property & Casualty Insurance Company and Tiffaney Bond-Thompson jointly and severally, for $1,500,000 . . . ." *Id.* at 3.  Based on these allegations, the Court finds that the proposed amended complaint supports that Dunagan doesn't seek to add Bond-Thompson to destroy Bond-Thompson, but rather to collect on the full underlying judgment from both Esurance and Bond-Thompson.

Moreover, as Dunagan asserts in his motion, section 379.200's "plain statutory command" at a minimum allows, but may require, joining Bond-Thompson in an equitable-garnishment action.  *See* doc. 18 at ¶¶ 3–4.  Section 379.200 provides:

> Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the

5

> judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, person, firm or association as described in section 379.195, and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment. This section shall not apply to any insurance company in liquidation.

Mo. Rev. Stat. § 379.200.

The plain text of section 379.200 contemplates that a "judgment creditor may proceed in equity against" both the defendant against whom judgment was entered *and* her insurer "to reach and apply the insurance money to the satisfaction of the judgment." *Id.* Thus, section 379.200, at a minimum, permits joinder of the defendant against whom judgment was entered in the equitable-garnishment action. *Id.* The Court further notes that, as Dunagan claims in his motion, some federal courts have indicated that the plain text of section 379.200 *requires* joinder of the defendant against whom judgment was entered. *See, e.g.*, *Otten v. Liberty Mut. Ins. Co.*, No. 4:17 CV 2526 CDP, 2018 WL 3861340, at *3 (E.D. Mo. Aug. 14, 2018); *Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259, 261 (8th Cir. 1993) (per curiam); doc. 18 at ¶ 4. The Court need not and therefore does not reach the issue of whether section 379.200 requires joinder, which Missouri courts appear not to have squarely addressed. Dunagan's reliance on section 379.200 suggests that his primary motive for joining Bond-Thompson as a defendant is not to destroy subject-matter jurisdiction, but rather to adhere to section 379.200's plain text.

Esurance, however, resists that conclusion. It argues that the proposed complaint doesn't raise a cognizable claim against Bond-Thompson, which allegedly suggests that her joinder would be solely to defeat jurisdiction. Doc. 26 at 3–5; doc. 22 at 4. In support, it asserts that (1) section 379.200 "is a statutory mechanism for a judgment creditor to pursue collection of a judgment form a tortfeasor's *insurer*, not the tortfeasor"; (2) Dunagan should have used state

6

judgment-execution rules to collect the judgment from Bond-Thompson; (3) the claim against Bond-Thompson is invalid and improper; (4) Bond-Thompson would be fraudulently joined in this case; (5) adding Bond-Thompson would be futile because Dunagan could recover some but not all of the monetary damages alleged in the proposed complaint in light of the applicable policy limits; and (6) "the underlying default judgment is void and unenforceable under Missouri law."  Doc. 26 at 3–5 (emphasis omitted); doc. 22 at 4.

    The plain text of section 379.200, as discussed above, belies the majority of these arguments:  under section 379.200, Dunagan may join Bond-Thompson in an equitable-garnishment action.  Further, even if Esurance correctly asserts that Dunagan cannot recover all the money damages alleged in the proposed complaint—an issue that the Court expresses no opinion on—Esurance's damages theory concedes that the complaint sufficiently pleads a claim to the extent that it seeks an amount of statutory damages consistent with the applicable policy limits.  *See* doc. 22 at 4; *cf.* docs. 5–6 (asserting the same damages argument in relation to the damages raised in the claim against Esurance).  Finally, as "Esurance recognizes" a motion to set aside the default judgment is pending in state court, not this Court.  Doc. 26 at 4–5.  The state court has yet to render a decision on that motion, so the Court finds that the motion to set aside doesn't support denying Dunagan's motion in this case.  *See* Motion to Set Aside, *Dunagan v. Bond-Thompson*, No. 2122-CC09246 (22nd Cir. Ct. St. Louis, Mo. May 21, 2025) (last visited Aug. 15, 2025).  Thus, the Court finds that Dunagan's proposed complaint includes a sufficiently pleaded and cognizable claim against Bond-Thompson.

    For these reasons, the Court holds that the first factor weighs in favor of joinder.

    Second, the Court finds that Dunagan has not been dilatory in asking to amend his complaint.  Esurance disagrees, asserting that Dunagan failed to join Bond-Thompson when he

first filed the case and that Dunagan waited to join Bond-Thompson until after the case was removed and it filed a partial motion to dismiss. *See* doc. 26 at 3. As detailed in section II.B, Dunagan filed his motion for leave to amend to add Bond-Thompson only a month-and-a-half into litigation. Docs. 2, 18. He did file his motion, as Esurance asserts, soon after Esurance removed the case and filed a partial motion to dismiss. Doc. 1, 18. But that timing is not damning like Esurance asserts. Instead, the timing suggests that Dunagan diligently pursued amending his complaint to include all defendants. Thus, the Court finds that the second factor weighs in favor of joinder.

Third, the Court finds that Dunagan would be significantly injured if amendment is not allowed. As discussed above, the proposed amended complaint seeks to recover the full underlying judgment in this case. Assuming that Esurance correctly asserts that Dunagan can't recover the full judgment from Esurance under section 379.200—an issue the Court need not and therefore does not decide—Dunagan would not be able to recover the full underlying judgment in this case unless Bond-Thompson—whom is allegedly "jointly and severally" liable for the $1,500,000—is also a party. Doc. 18-1 at 3. Thus, the Court holds that the third factor weighs in favor of joinder.

For these reasons, the Court holds that the factors weigh in favor of joining Bond-Thompson in this case. Accordingly, the Court grants Dunagan's motion for leave to amend to add Bond-Thompson as a defendant. Doc. 18. Because Bond-Thompson's presence as a defendant destroys complete diversity, *see* doc. 23 at 2–3, the Court remands this case to state court for lack of subject-matter jurisdiction, 28 U.S.C. § 1447(e).

The Court notes that Esurance asserts that if the Court allows Dunagan to join Bond-Thompson as a defendant, it can retain jurisdiction over this case. Doc. 26 at 5–6. The

Court finds this argument meritless.  Under section 1447(e), if the Court permits joinder of a defendant "whose joinder would destroy subject matter jurisdiction," it must "remand the action to the State court."  28 U.S.C. § 1447(e); *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 38 (2025) ("[I]n removed cases . . . , amending a complaint to join a non-diverse party destroys diversity jurisdiction.  So if such a joinder occurs after removal, the federal court must remand the case to the state court it began in."  (first citing 28 U.S.C. § 1447(e); and then citing *Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 231–32 (2007)).  Esurance's argument belies the plain text of section 1447(e).

Further, the cases that Esurance cites do not support that proposition that section 1447(e) permits the Court to retain jurisdiction if it allows joinder of a defendant that divests the Court of subject-matter jurisdiction.  *Lindsey v. Dow Chem. Co.*, No. 4:21 CV 374 CDP, 2021 WL 4940934, at *5 (E.D. Mo. Oct. 22, 2021) (rejecting a party's argument that 28 U.S.C. § 1441(b)(2)'s forum-defendant rule applies when a forum defendant is joined post-removal); *Devore v. Transport Tech. Corp.*, 914 F. Supp. 355, 356, 359 (W.D. Mo. 1996) (characterizing its own discussion about 28 U.S.C. § 1447(e) as "dictum" because section 1447(e) was "inapplicable" under the circumstances of the case (the proposed party would not have divested the court of subject-matter jurisdiction)); *Muckenthaler v. Columbia Cas. Co.*, No. 08-0162-CV-W-GAF, 2008 WL 11337606 (W.D. Mo. June 16, 2008) (failing to discuss section 1447(e) in any way); *McDonald v. Zurich Am. Ins. Co.*, No. 14-00553-CV-W-SWH, 2015 WL 12833705, at *2–3 (addressing whether section 1441(b)(2)'s forum-defendant rule applied, not whether section 1447(e) required remand).

9

**IV.     Conclusion**

The Court grants Dunagan's [18] Motion for Leave of Court to Add Party and Amend Complaint.  Further and pursuant to 28 U.S.C. § 1447(c) and (e), the Court remands this case to the Circuit Court of St. Louis City, Missouri for lack of subject-matter jurisdiction.  The Court directs the Clerk of Court to mail a certified copy of this order of remand to the clerk of the state court.  A separate order of remand accompanies this memorandum and order.

So ordered this 15th day of August 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE